IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JEFFREY KOSIBA JR., individually and on behalf of their Minor Children, Jovani Kosiba, Audrianna Kosiba, and Veroniqa Kosiba in their own right; and CHRISTINA KOSIBA, individually and on behalf of their Minor Children, Jovani Kosiba, Audrianna Kosiba, and Veroniqa Kosiba in their own right,<br><br>Plaintiffs,<br><br>vs.<br><br>DONALD W. KLEINE, in his official capacity as Douglas County Attorney; TODD SCHMADERER, in his official capacity as Chief of Police of the Omaha Police Department; and OMAHA POLICE DEPARTMENT,<br><br>Defendants. | 8:23CV65<br><br>MEMORANDUM AND ORDER |

This matter comes before the Court on Defendants' Donald W. Kleine, Todd Schmaderer, and the Omaha Police Department's motions to set aside Clerk's entry of default. Filing No. 17; Filing No. 22. Defendants claim there is good cause to set aside the entry of default and allow the case to proceed on the merits. The Court agrees and grants both motions.

I.  **BACKGROUND**

Plaintiffs, Jeffrey Kosiba, Jr. and Christina Kosiba, individually and on behalf of their minor children, filed their complaint on February 17, 2023. Filing No. 1. On February 24, Plaintiffs requested summons as to all Defendants, Filing No. 4; Filing No. 5; Filing

1

No. 6, which the Clerk of the Court issued, Filing No. 7. On March 15, Plaintiffs filed summons returns purporting to show they had served all three Defendants. Filing No. 8; Filing No. 9; Filing No. 10. The proof of service as to defendant Donald W. Kleine in his official capacity indicated Plaintiffs had served him "by certified mail to Donald W. Kleine, Douglas County Attorney, 1701 Farnam Street, Omaha, NE 68183." Filing No. 8 at 2. As to defendant Todd Schmaderer in his official capacity, Plaintiffs' proof of service stated it had served him "by certified mail to Todd Schmaderer, Chief of Police, Omaha Police Department, 505 S. 15th Street, Omaha, NE 68102." Filing No. 9 at 2. Lastly, Plaintiffs claimed to have served defendant the Omaha Police Department "by certified mail to Omaha Police Department, 505 S. 15th Street, Omaha, NE 68102." Filing No. 10 at 2.

On April 12, 2023, Plaintiffs moved for Clerk's entry of default alleging "Defendants have failed to plead or otherwise defend this action." Filing No. 11 at 1. The Clerk entered default as to all defendants. Filing No. 12.

On May 12, 2023, the Omaha Police Department and Schmaderer moved to set aside the Clerk's entry of default, arguing, primarily, they had not been properly served. Filing No. 17. Kleine filed a separate but similar motion to set aside the default. Filing No. 22. Plaintiffs have not responded to the motions to set aside the Clerk's entry of default.

II. ANALYSIS

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default

judgment. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. The judicial preference is to adjudicate claims on the merits. *Oberstar v. F.D.I.C.*, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." *Johnson*, 140 F.3d at 783. Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. *See* Fed. R. Civ. P. 6(b), 55(c). Here, all of these factors favor setting aside the entry of default.

**A. Blameworthiness or Culpability**

First, Defendants were not blameworthy or culpable in failing to respond to the complaint because they were not properly served to begin with.

The proper manner of service is governed by the Federal Rules of Civil Procedure. As an initial matter, Plaintiffs' claims against Kleine in his official capacity are, in actuality, a suit against Douglas County. *See Banks v. Slay*, 875 F.3d 876, 878 (8th Cir. 2017) ("[A]n official-capacity suit against an individual is really a suit against that official's government entity."). Likewise, Plaintiffs' claims against Schmaderer in his official capacity merge with their claims against the governmental entity for which he works, the City of Omaha.

A "foreign, state, or local government" such as Douglas County or the City of Omaha must be served by doing one of the following:

> (A) delivering a copy of the summons and of the complaint to its chief executive officer; or
> B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Fed. R. Civ. P. 4(j)(2). Nebraska law provides that a county or city may be served by "service upon the chief executive officer or clerk." Neb. Rev. Stat. § 25-510.02(2). Thus, to properly serve Defendants, Plaintiffs were required to serve either the chief executive officer or clerk for the City of Omaha and Douglas County, respectively. Instead, Plaintiffs mailed the summonses directly to Schmaderer, Kleine, and OPD. See Filing No. 8; Filing No. 9; Filing No. 10. Accordingly, Defendants were not properly served and therefore not blameworthy in failing to answer or defend the suit.[1]

**B. Meritorious Defense**

Second, both the City of Omaha and Douglas County assert they have meritorious defenses to Plaintiffs' claims. While a full determination of these defenses is not possible or advisable at this early stage of the case, a summary of the case reveals triable issues.

Briefly, Plaintiff Jeffrey Kosiba, Jr., was the subject of an investigation by the Omaha Police Department into suspected cocaine dealing. Filing No. 20-4 at 2–3. This investigation culminated with the execution of a search warrant on the Kosiba family's house, Jeffrey's arrest, and the removal of the three minor children from the home. See

---

[1] Defendants also submitted emails showing their attorneys attempted to communicate with Plaintiffs' counsel after becoming aware of the lawsuit and motion for entry of default. Filing No. 20-3 at 1–3. Counsel for the City of Omaha offered to waive service should Plaintiffs rescind the motion for default. Filing No. 20-3 at 3. Plaintiffs did not respond to this request. See Filing No. 20-3 at 1–3. This exchange further solidifies the Court's conclusion that Defendants are not blameworthy in the entry of default and instead acted reasonably promptly to attempt to rectify the error.

*generally* Filing No. 1. Ultimately, the Douglas County Attorney's office dismissed the criminal charges against Jeffrey, and the children were returned home. Filing No. 1 at 3–4. Plaintiffs filed the present lawsuit alleging false arrest, false imprisonment, negligence, and causes under 42 U.S.C. § 1983 for violations of the Fourth Amendment, Due Process, and "Familial Integrity." Filing No. 1 at 7–9.

Defendants argue Plaintiffs' Fourth Amendment claims are without merit. Filing No. 19 at 6–7; Filing No. 25 at 16–18. The parties agree that the charges against Jeffrey were dismissed in large part because the Omaha Police Department acted outside its territorial authority in executing the search warrant on the Kosiba's house which was located in Bennington, Nebraska, not within the city limits of Omaha. Filing No. 15 at 17. However, Defendants assert that despite this oversight, ample evidence, including the seizure of cocaine from a storage unit rented by Jeffrey, made the officers' actions reasonable for purposes of the Fourth Amendment. *See* Oglesby v. Lesan, 929 F.3d 526, 533–34 (8th Cir. 2019) ("[F]or Fourth Amendment purposes, the relevant question is whether an arrest was reasonable, not whether an arrest violated state law or whether an officer was acting within his geographical jurisdiction." (citing *Virginia v. Moore*, 553 U.S. 164, 178 (2008)).

As to Plaintiffs' other claims, Defendants assert they are protected by qualified immunity because they acted reasonably in removing the children from the home for their safety. Filing No. 19 at 9–10. Defendants also argue that Plaintiffs failed to comply with the Nebraska Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901 et seq. because they failed to file a timely claim. Filing No. 19 at 11–12. Thus, it appears there

5

are potentially viable defenses to Plaintiffs' claims in this case,[2] and an adjudication on the merits is preferrable. This factor supports setting aside the entry of default.

### C. Prejudice to Plaintiffs

Lastly, Plaintiffs will not be prejudiced by setting aside the Clerk's entry of default. The Eighth Circuit Court of Appeals has provided as examples of the type of prejudice that may weigh against setting aside a default "loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." J*ohnson v. Dayton Elec. Mfg. Co.,* 140 F.3d 781, 785 (8th Cir. 1998) (quoting *Berthelsen v. Kane,* 907 F.2d 617, 621 (6th Cir. 1990)). None of these factors are present in the case at hand. Rather, this case has experienced only a brief delay. The parties will be able to proceed with discovery and motion practice in a timely manner, and Plaintiffs will not be prejudiced by setting aside the default.

### III. CONCLUSION

Based on the facts before the Court, good cause exists to set aside the Clerk's entry of default and allow Defendants to answer the complaint. Accordingly,

IT IS ORDERED:

1. Defendants' Motions to Set Aside Clerk's Entry of Default, Filing No. 17; Filing No. 22, are granted.

2. The Clerk is ordered to set aside the entries of default at Filing No. 12.

---

[2] Defendants ask the Court to dismiss Plaintiffs' complaint outright based on these asserted defenses and others. *See, e.g.*, Filing No. 25 at 10–11. However, no formal motion to dismiss is before the Court. Defendants may move for dismissal after the Clerk's entry is set aside and they are properly served.

6

3. Plaintiffs are to request, and the Clerk is to reissue, summons. Plaintiffs are given thirty days from the date of this order to effectuate proper service on Defendants and file proof of the same.

Dated this 10th day of August, 2023.

                                              BY THE COURT:

                                              s/ Joseph F. Bataillon
                                              Senior United States District Judge